**In re SCI TEXAS FUNERAL SERVICES, INC., SCIT Holdings, Inc., SCI Funeral Services, Inc., and Service Corporation International, Relators.**

No. 08–05–00335–CV.

Court of Appeals of Texas, El Paso.

Jan. 31, 2006.

Rehearing Overruled March 15, 2006.

Joseph L. Hood, Jr., Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Michael A. Hatchell, Locke Liddell & Sapp LLP, Austin, for relators.

Alan B. Rich, Baron & Budd, P.C., Dallas, Enrique Moreno, Moreno and Fry, El Paso, for interested party.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

Relators, Sci Texas Funeral Services, Inc., SCIT Holdings, Inc., SCI Funeral Services, Inc., and Service Corporation International, ask this Court to issue a writ of mandamus against the Honorable Javier Alvarez, Judge of the County Court at Law No. 3 of El Paso County. Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.* Although mandamus is not an equitable remedy, it is largely governed by equitable principles. *Rivercenter Associates v. Rivera,* 858 S.W.2d 366, 367 (Tex.1993). One such principle is that equity aids the diligent and not those who slumber on their rights. *Id.*

By this mandamus proceeding, Relators seek to challenge an April 29, 2005 order imposing sanctions, but they did not file their mandamus petition until October 19, 2005. Relators have provided no explanation for the delay. We conclude that mandamus relief must be denied because of laches. *See Furr's Supermarkets, Inc. v. Mulanax,* 897 S.W.2d 442, 443 (Tex.App.-El Paso 1995, orig. proceeding). Even if Relators had sought mandamus relief earlier, the record before us does not demonstrate that Respondent clearly abused his discretion.