In re SCI TEXAS FUNERAL SERVICES, INC., SCIT Holdings, Inc., SCI Funeral Services, Inc., and Service Corporation International, Relators.

No. 06–0385.

Supreme Court of Texas.

Oct. 12, 2007.

Joseph L. Hood Jr., Windle Hood Alley Norton Brittain & Jay LLP, Jeffrey S. Alley, Scott Hulse Marshall Feuille Finger & Thurmond, PC, Mike A. Hatchell, Molly H. Hatchell, Locke Liddell & Sapp LLP, Austin, Thomas F. Loose, Kirsten M. Castaneda, Locke Liddell & Sapp LLP, Dallas, for relators.

Alan B. Rich, Steven D. Wolens, Frank E. Goodrich, Kevin Duane McHargue, Baron & Budd, P.C., Dallas, Enrique Moreno, Law Office of Enrique Moreno, El Paso, for real parties in interest.

PER CURIAM.

The trial court here ordered class-wide discovery and class-wide sanctions long before it certified the class. In two separate appeals, the court of appeals upheld the discovery and sanctions but then reversed certification, rendering the class-wide discovery superfluous and the class-wide sanctions incongruous. We conditionally grant the writ and order the trial court to vacate its orders in light of the decertification. *See In re Allstate County Mut. Ins. Co.*, 227 S.W.3d 667, 668–69 (Tex.2007) (per curiam) (granting mandamus to correct overbroad discovery); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992) (stating mandamus is available to correct interlocutory sanctions orders that preclude trial on the merits).

Three plaintiffs [1] brought individual and class claims against several SCI entities [2] for violating federal and state disclosure requirements applicable to funeral providers. *See* 16 C.F.R. § 453.3(f); 22 Tex. Admin. Code § 203.8(d). In connection with those claims, the plaintiffs sought broad discovery including every SCI contract for funeral services in Texas between 1998 and 2004 (reportedly 200,000), and documents concerning every item SCI purchased to provide those services (reportedly 2.5 million).

After granting a series of motions to compel based on asserted gaps in SCI's production, the trial court entered a sanctions order that deemed SCI had breached the class members' contracts due to inadequate disclosures, and barred SCI from contesting their method of calculating damages. After the court of appeals denied mandamus relief, 198 S.W.3d 14 (Tex.

App.-El Paso 2006), SCI filed this mandamus proceeding.

One year later, the court of appeals reversed the trial court's certification order, finding no private cause of action under either the federal or state funeral disclosure rules, and barring the plaintiffs' damage claims as their contracts were not illegal. *SCI Tex. Funeral Servs., Inc. v. Hijar*, 214 S.W.3d 148, 154–57 (Tex.App.-El Paso 2007, pet. denied). The court decertified the class and dismissed all claims except the named plaintiffs' claim for injunctive relief. *Id.* at 157. Thus, what was once a damages claim on behalf of potentially hundreds of thousands of consumers is now a claim by three of them for injunctive relief alone. Obviously, much of the class-wide discovery is no longer relevant—precisely as SCI unsuccessfully argued in the trial court and throughout this appeal.

In *In re Alford Chevrolet–Geo,* we rejected a blanket rule that all class-wide discovery should be abated until after certification. 997 S.W.2d 173, 185 (Tex.1999). But we also rejected the opposite rule (full class-wide discovery before certification), noting the special risk in class actions that one party might seek to improve its bargaining position by heaping massive discovery on the other. *Id.* at 180–81 (quoting Frank H. Easterbrook, Comment, *Discovery as Abuse,* 69 B.U.L. Rev. 635, 636 (1989)). Instead, we held the proper rule was for trial courts to limit pre-certification discovery to the particular issues governing certification in each case, considering factors such as the importance, benefit, burden, expense, and time needed to produce the proposed discovery. *Id.* at 182.

---

1. The plaintiffs are David Hijar, Lupe Wiebel, and Patricia Villegas.

2. The defendants are SCI Texas Funeral Services, Inc., SCI Funeral Services, Inc., SCIT Holding, Inc., and Service Corporation International (collectively "SCI").

■ The discovery orders here do not comply with this rule. SCI's primary objection to both discovery and certification was that private parties have no standing to assert violations of the funeral disclosure rules. This question of law did not require production of several hundred thousand contracts and millions of invoices. While the plaintiffs could have made a strong case for discovery related to the size of the class and representative samples of how SCI did business (necessary to establish numerosity, typicality, and so on), these issues did not justify the burden and expense of producing every plaintiffs' contract and every SCI invoice—discovery perhaps necessary to prove the ultimate issues but not tailored to the certification question before the court. We hold the trial court abused its discretion by compelling discovery that was not narrowly tailored to the relevant dispute. *Id.* at 180; *see also In re Graco Children's Prods., Inc.,* 210 S.W.3d 598, 601 (Tex.2006).

■ In an alternate holding, the court of appeals denied mandamus relief based on laches. SCI filed its mandamus petition a little less than six months after the trial court's final sanctions order. SCI explained the delay by establishing that it took three months to get the reporter's record of the numerous discovery hearings, and the remaining time to brief both the discovery and the certification appeals so they could be filed together (although in separate proceedings). This can hardly be faulted, given the related nature of the two proceedings and the incongruous results produced when the court of appeals decided them separately. As a matter of law, these explanations were sufficient to establish that SCI had not "slumber[ed] on [its] rights." *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex.1993).

■ As to the trial court's sanctions, this order was not necessarily wrong just because the discovery orders were; a party's recalcitrance is not entirely justified by winning on the merits on appeal. But a just sanctions order (1) "must be directed ... toward remedying the prejudice caused the innocent party," and (2) "should fit the crime." *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). Here, the plaintiffs were neither prejudiced nor entirely innocent, as the massive discovery they sought was based on damage claims they had no standing to assert and evidence they did not need for the certification hearing. Moreover, an order deeming contracts breached and proscribing damage calculations no longer fits a case in which all contract and damage claims have been dismissed.

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and direct the trial court to vacate its deemed factual findings and discovery orders in light of the court of appeals' decertification. We are confident that the trial court will comply and our writ will only issue if it does not.