Petition for Writ of Mandamus Denied, and Memorandum Opinion filed
August 28, 2008








 

Petition
for Writ of Mandamus Denied, and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00740 -CV

____________

 

IN RE HERIBERTO SEDENO-SUAREZ, M.D. and

HERIBERTO SEDENO-SUAREZ, P.A., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
August 1, 2008, relators, Heriberto Sedeno-Suarez, M.D. and his professional
association, filed a petition for writ of mandamus asking this court to vacate
a March 28 protective order entered by the respondent.[1] 
That order precludes the parties from exchanging written discovery, and places
limits on the availability and scope of depositions of certain fact witnesses,
including the parties themselves, until September 10, 2008.  We deny the
petition.








                                                               Background

In the
underlying lawsuit, real party in interest Genoveva Mijares, a former patient,
has accused Dr. Sedeno-Suarez of sexually assaulting her during an August 2006
office visit.  Mijares filed her lawsuit in November 2007.  Only one week
earlier, the State of Texas also filed a felony complaint against Sedeno-Suarez
stemming from the same sexual assault allegations forming the basis for the
civil lawsuit.  In the civil lawsuit, the physician responded to Mijares=s written discovery by asserting his
Fifth Amendment privilege against self-incrimination, thereby declining to
answer any question into the merits of the patient=s allegations.  Although he had
refused to answer Mijares=s written discovery, Sedeno-Suarez then served similar sets
of written discovery seeking details about Mijares=s allegations.

On March
13, 2008, Mijares and the Harris County District Attorney requested that the
trial court enter a protective order that, until September 3, 2008, would abate
written discovery between the parties and would require court approval for the
depositions of Sedeno-Suarez, Mijares, and her family.  The stated purpose for
the motion was that Sedeno-Suarez was unfairly using the more-liberal civil
discovery process to his advantage in the criminal action, in which discovery
is limited.  On March 28, the trial court granted the following protective
order:

It is
hereby ORDERED that all future and current and outstanding written discovery to
Genoveva Mijares and Heriberto Sedeno is abated until September 10, 2008.[2] 
Further, any depositions of Genoveva Mijares, her family and Heriberto Sedeno
shall be undertaken only at such method or upon such terms and conditions and
at the time and place as directed by the court.

 








On August 1, slightly
more than four months later, relators filed this mandamus proceeding to
challenge the trial court=s March 28 protective order.  They claim that the protective
order operates as an improper abatement of discovery until the conclusion of
the criminal trial against Sedeno-Suarez, and thatCabsent mandamus reliefCthey cannot adequately prepare a
defense against Mijares=s allegations in the civil trial.

                                                       Standard of Review

Mandamus
relief is available if the relators establishes a clear abuse of discretion for
which there is no adequate remedy at law.  In re AutoNation, Inc., 228
S.W.3d 663, 667 (Tex. 2007) (orig. proceeding).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to
constitute a clear and prejudicial error of law.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With respect to the resolution
of factual issues, the Court may not disturb the trial court=s ruling unless the record clearly
demonstrates that the trial court reasonably could have reached only one
decision.  See id. at 839B40.  By contrast, review of a trial
court=s determination of legal principles is
much less deferential.  See id. at 840.  A trial court has no discretion
in determining what the law is, or in applying the law to the facts; therefore,
a clear failure by the trial court to analyze or apply the law correctly
constitutes an abuse of discretion.  Id.

                                                                    Analysis

We note
that relators waited more than four months to challenge the trial court=s protective order in this mandamus
proceeding.  Relators offer no explanation, and the mandamus record reveals no justification,
for the four-month delay in requesting mandamus relief.[3] 
On that basis, we decline to issue mandamus relief.








Although
mandamus is not an equitable remedy, its issuance is largely controlled by the
principles of equity.  Rivercenter Assocs. v. Rivera, 858 S.W.2d 366,
367 (Tex. 1993) (orig. proceeding).  One such equitable principle is that
equity aids the diligent, but not those Awho slumber on their rights.@  Id. (citation omitted). 
Therefore, mandamus relief may be denied to a party for lack of diligence.  Id.;
In re Users Sys. Servs., Inc., 22 S.W.3d 331, 337 (Tex. 1999) (orig.
proceeding).

Because
mandamus is discretionary, we need not afford mandamus relief to a dilatory
party even if the opposing party does not assert lack of diligence as a ground
for denying relief.  Users Sys. Servs., 22 S.W.3d at 337.  We hold that
relators, by inexplicably waiting more than four months to request mandamus
relief, have not diligently pursued their complaint to the trial court=s order.  See Rivercenter Assocs.,
858 S.W.2d at 367; Bailey v. Baker, 696 S.W.2d 255, 256 (Tex. App.CHouston [14th Dist.] 1985, orig.
proceeding); Int=l Awards, Inc. v. Medina, 900 S.W.2d 934, 935B36 (Tex. App.CAmarillo 1995, orig. proceeding); Furr=s Supermarkets, Inc. v. Mulanax, 897 S.W.2d 442, 443 (Tex. App.CEl Paso 1995, orig. proceeding).

Nor will
we issue mandamus relief to promote inequity, that is, permitting a party to
conduct one-sided discovery while simultaneously cutting off his opponent=s discovery rights.  See Right to
Life Advocates, Inc. v. Aaron Women=s Clinic, 737 S.W.2d 564, 571 (Tex. App.CHouston [14th Dist.] 1987, writ denied). 
It is well-established that a party, like Dr. Sedeno-Suarez, may assert the
Fifth Amendment in civil cases should he reasonably believe his answers would
be incriminating, and we do not necessarily fault him for doing so.  See
Marshall v. Ryder Sys., Inc., 928 S.W.2d 190, 195 (Tex. App.CHouston [14th Dist.] 1996, writ
denied).  








However,
a trial court need not permit a party to assert the privilege so as to render
the civil proceeding unfair.  Id.  One of the roles of courts is to
provide a Alevel playing field@ for litigants, so that each side has a fair opportunity to
develop her case.  See Lopez v. Foremost Paving, Inc., 796 S.W.2d 473,
481 (Tex. App.CSan Antonio 1990, writ dism=d by agr.).   Therefore, after a
party invokes the Fifth Amendment, the trial court may take appropriate steps
to ensure that the civil proceeding remains fair.  Tex. Dep=t of Pub. Safety Officers Ass=n v. Denton, 897 S.W.2d 757, 760 (Tex. 1995). 
By protecting Mijares from written discovery and limiting the availability and
scope of the parties= depositions until the conclusion of the criminal trial, the
trial court remedied the inherent fairness that was occasioned by Sedeno-Suarez=s lawful refusal to participate in
meaningful discovery.  See Wehling v. Columbia Broad. Sys., 608 F.2d
1084, 1087B89 (5th Cir. 1979).

Accordingly,
we deny the petition for writ of mandamus.

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed, August
28, 2008.

Panel consists of Chief Justice Hedges, Justice
Guzman, and Justice Brown.









            [1]           Respondent
is the Honorable Tony Lindsay, presiding judge of the 280th Judicial District
Court of Harris County.





            [2]           The
mandamus record does not explain the significance of the September 10, 2008
expiration date for the protective order.  Relators= brief describes the protective order as expiring Aafter the conclusion of the criminal matter@ so, presumably, this September date relates somehow
to the criminal trial setting.





            [3]           For
example, although a delay might be excused where it was occasioned by the
relator=s inability to promptly secure a reporter=s record, see In re SCI Tex. Funeral Servs., Inc.,
236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding), in this case relators did
not file a reporter=s record from the hearing.