

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00143-CV

## IN RE PATRICK LEE MULLINS

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

Patrick Lee Mullins seeks a writ of mandamus compelling Respondent, the Honorable James D. Patton, County Clerk of Walker County, to forward two notices of appeal to this Court.  We will deny Mullins's application for mandamus relief.

A trial court clerk has a ministerial duty to promptly forward any notice of appeal to the appropriate court of appeals, regardless of whether the notice is timely filed or otherwise complies with the requirements of the appellate rules.  *In re Smith*, 263 S.W.3d 93, 95-96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (district clerk has ministerial duty to file postconviction habeas application).  Mandamus relief is available to compel a trial court clerk to fulfill this duty.  *See In re*

*Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig. proceeding); *Smith*, 263 S.W.3d at 95-96.

According to Mullins, Respondent has failed to forward notices of appeal he filed in trial court cause numbers 8548 and 9169-CV. Mullins states that the trial court dismissed his suit in cause number 8548 by order signed on February 7, 2007. He states that he filed a motion for new trial in March 2007 and then a notice of appeal in May 2007. However, he provides only limited documentary evidence[1] to support these assertions, including: (1) a February 2007 letter from Respondent advising that the suit had been dismissed, (2) a file-stamped copy of a March 2007 letter to Respondent inquiring about the status of his motion to modify the judgment, (3) a file-stamped copy of a May 2007 letter to Respondent asking if the trial court was going to rule on this motion, (4) a May 2007 letter advising Respondent that he was having difficulty obtaining an inmate trust fund account statement, and (5) a July 2007 letter to the Clerk of the First Court of Appeals advising that he was "unable to locate my file stamped copy of the Notice of Appeal."

Mullins claims that the trial court dismissed his lawsuit in cause number 9169-CV by order signed January 22, 2008. For cause number 9169-CV, Mullins has provided

---

[1]     Mullins bears "the burden of providing this Court with a sufficient record to establish [his] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *accord In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see* TEX. R. APP. P. 52.7(a)(1) (relator "must file . . . a certified or sworn copy of every document that is material to the relator's claim for relief"). It is doubtful that Mullins has provided an adequate record with regard to trial court cause number 8548.

file-stamped copies of the notice of appeal[2] which was filed on February 21 and the indigence affidavit he filed contemporaneously with the notice of appeal.

> Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. One such principle is that "equity aids the diligent and not those who slumber on their rights." Thus, delaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay.

*In re Int'l Profit Assocs.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam) (quoting *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding))[3] (citations omitted).

Here, Mullins complains that Respondent failed to forward a notice of appeal which Mullins filed in May 2007 and one he filed in February 2008. Mullins filed his mandamus application in May 2009. As justifications for his delay in pursuing mandamus relief, Mullins alleges that: (1) until May 22, 2008, he was prohibited by prison officials from sending out "any sealed legal mail unless it was inspected first"; (2) he wrote Respondent several times concerning his appeal, but his letters were never answered; (3) he was "continually being physically harassed" by prison guards; (4) on May 2, 2008 he was "arbitrarily demoted to a Level 3," moved to another wing, and his papers were withheld for four days; (5) he was hospitalized for an unspecified period of

---

[2] Mullins's notice of appeal is entitled "Plaintiff's First Motion for Leave to File Notice of Appeal and Request to Proceed in Forma Pauperis." Although this pleading is not plainly labelled as a notice of appeal, the first paragraph plainly states Mullins's intent to appeal: "Now Comes Plaintiff, Patrick Lee Mullins, and Appeals the Trial Court's Judgement [sic] entered in this case: January 22nd, 2008." *See Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam); *In re Smith*, 270 S.W.3d 783, 786-87 (Tex. App.—Waco 2008, orig. proceeding).

[3] The original quotation is from *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793 (1941). *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan*, 155 S.W.2d at 795).

time after being "subjected to a use of force"; and (6) he and other inmates in administrative segregation have been given only limited access to the prison law library.

However, Mullins's active prosecution of another appeal in this Court belies his stated reasons for the delay. *See Ex parte McCullough*, 993 S.W.2d 836, 838 n.3 (Tex. App.—Waco 1999, no pet.) (appellate court may take judicial notice of its own records in other proceedings involving same party). In trial court cause number 8898-CV, styled *Mullins v. Ortiz*, the trial court signed an order declaring Mullins a vexatious litigant on March 28, 2008 and required him to furnish security within thirty days or his suit would be dismissed. *See Mullins v. Ortiz*, No. 10-08-00225-CV, 2009 Tex. App. LEXIS 5846 (Tex. App.—Waco July 29, 2009, no pet. h.). Mullins filed what we later construed as a notice of restricted appeal on June 20, 2008. He filed fourteen pleadings in this appeal between June 2008 and February 2009. His active prosecution of this appeal effectively negates his stated reasons for not earlier seeking mandamus relief.

Mullins waited two years before seeking mandamus relief regarding Respondent's failure to forward the notice of appeal in cause number 8548. He waited fifteen months with regard to such failure in cause number 9169-CV. He has not provide a reasonable explanation for these delays. Accordingly, we hold that his request for mandamus relief is barred by laches. *See Rivercenter Assocs.*, 858 S.W.2d at 367-68 (four-month delay); *In re SCI Tex. Funeral Servs., Inc.*, 198 S.W.3d 14, 14 (Tex. App.—El Paso 2006, orig. proceeding) (six-month delay); *In re Xeller*, 6 S.W.3d 618, 624

(Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (sixteen-month delay).

Mullins's mandamus application is denied.

                                    FELIPE REYNA
                                    Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
        (Chief Justice Gray does not join the opinion but concurs in the denial of the
Petition for Writ of Mandamus.  A separate opinion will not issue.)
Application denied
Opinion delivered and filed September 16, 2009
[OT06]