IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00143-CV

 

In
re Patrick Lee Mullins

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Patrick Lee Mullins seeks a
writ of mandamus compelling Respondent, the Honorable James D. Patton, County Clerk of Walker County, to forward two notices of appeal to this Court.  We will deny
Mullins’s application for mandamus relief.

            A trial court clerk has a
ministerial duty to promptly forward any notice of appeal to the appropriate
court of appeals, regardless of whether the notice is timely filed or otherwise
complies with the requirements of the appellate rules.  In re Smith, 263
S.W.3d 93, 95-96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); see
Aranda v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig.
proceeding) (per curiam) (district clerk has ministerial duty to file
postconviction habeas application).  Mandamus relief is available to compel a
trial court clerk to fulfill this duty.  See In re Smith, 270 S.W.3d 783,
785 (Tex. App.—Waco 2008, orig. proceeding); Smith, 263 S.W.3d at 95-96.

            According to Mullins, Respondent
has failed to forward notices of appeal he filed in trial court cause numbers
8548 and 9169-CV.  Mullins states that the trial court dismissed his suit in
cause number 8548 by order signed on February 7, 2007.  He states that he filed
a motion for new trial in March 2007 and then a notice of appeal in May 2007. 
However, he provides only limited documentary evidence[1]
to support these assertions, including: (1) a February 2007 letter from
Respondent advising that the suit had been dismissed, (2) a file-stamped copy
of a March 2007 letter to Respondent inquiring about the status of his motion
to modify the judgment, (3) a file-stamped copy of a May 2007 letter to
Respondent asking if the trial court was going to rule on this motion, (4) a
May 2007 letter advising Respondent that he was having difficulty obtaining an
inmate trust fund account statement, and (5) a July 2007 letter to the Clerk of
the First Court of Appeals advising that he was “unable to locate my file
stamped copy of the Notice of Appeal.”

            Mullins claims that the
trial court dismissed his lawsuit in cause number 9169-CV by order signed
January 22, 2008.  For cause number 9169-CV, Mullins has provided file-stamped copies
of the notice of appeal[2]
which was filed on February 21 and the indigence affidavit he filed
contemporaneously with the notice of appeal.

            Although mandamus is not an
equitable remedy, its issuance is controlled largely by equitable principles. 
One such principle is that “equity aids the diligent and not those who slumber
on their rights.”  Thus, delaying the filing of a petition for mandamus relief
may waive the right to mandamus unless the relator can justify the delay.

 

In re Int’l Profit Assocs., 274 S.W.3d 672, 676 (Tex. 2009) (orig.
proceeding) (per curiam) (quoting Rivercenter Assocs. v. Rivera, 858
S.W.2d 366, 367 (Tex. 1993) (orig. proceeding))[3]
(citations omitted).

            Here, Mullins complains that
Respondent failed to forward a notice of appeal which Mullins filed in May 2007
and one he filed in February 2008.  Mullins filed his mandamus application in
May 2009.  As justifications for his delay in pursuing mandamus relief, Mullins
alleges that: (1) until May 22, 2008, he was prohibited by prison officials
from sending out “any sealed legal mail unless it was inspected first”; (2) he
wrote Respondent several times concerning his appeal, but his letters were
never answered; (3) he was “continually being physically harassed” by prison
guards; (4) on May 2, 2008 he was “arbitrarily demoted to a Level 3,” moved to
another wing, and his papers were withheld for four days; (5) he was
hospitalized for an unspecified period of time after being “subjected to a use
of force”; and (6) he and other inmates in administrative segregation have been
given only limited access to the prison law library.

            However, Mullins’s active
prosecution of another appeal in this Court belies his stated reasons for the
delay.  See Ex parte McCullough, 993 S.W.2d 836, 838 n.3 (Tex. App.—Waco
1999, no pet.) (appellate court may take judicial notice of its own records in
other proceedings involving same party).  In trial court cause number 8898-CV,
styled Mullins v. Ortiz, the trial court signed an order declaring
Mullins a vexatious litigant on March 28, 2008 and required him to furnish
security within thirty days or his suit would be dismissed.  See Mullins v.
Ortiz, No. 10-08-00225-CV, 2009 Tex. App. LEXIS 5846 (Tex. App.—Waco July 29, 2009, no pet. h.).  Mullins filed what we later construed as a notice of
restricted appeal on June 20, 2008.  He filed fourteen pleadings in this appeal
between June 2008 and February 2009.  His active prosecution of this appeal
effectively negates his stated reasons for not earlier seeking mandamus relief.

Mullins waited two years before seeking
mandamus relief regarding Respondent’s failure to forward the notice of appeal
in cause number 8548.  He waited fifteen months with regard to such failure in
cause number 9169-CV.  He has not provide a reasonable explanation for these
delays.  Accordingly, we hold that his request for mandamus relief is barred by
laches.  See Rivercenter Assocs., 858 S.W.2d at 367-68 (four-month
delay); In re SCI Tex. Funeral Servs., Inc., 198 S.W.3d 14, 14 (Tex.
App.—El Paso 2006, orig. proceeding) (six-month delay); In re Xeller, 6
S.W.3d 618, 624 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding)
(sixteen-month delay).  Mullins’s mandamus application is denied.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray does not join the opinion but concurs in the denial of the
Petition for Writ of Mandamus.  A separate opinion will not issue.)

Application
denied

Opinion
delivered and filed September 16, 2009

[OT06]








 









[1]
              Mullins bears “the
burden of providing this Court with a sufficient record to establish [his]
right to mandamus relief.”  Walker v. Packer, 827 S.W.2d 833, 837
(Tex. 1992) (orig. proceeding); accord In re Gallardo, 269 S.W.3d 643,
645 (Tex. App.—San Antonio 2008, orig. proceeding); In re Blakeney, 254
S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); see Tex. R. App. P. 52.7(a)(1) (relator
“must file . . . a certified or sworn copy of every document that is material
to the relator’s claim for relief”).  It is doubtful that Mullins has provided
an adequate record with regard to trial court cause number 8548.

 





[2]
              Mullins’s notice of
appeal is entitled “Plaintiff’s First Motion for Leave to File Notice of Appeal
and Request to Proceed in Forma Pauperis.”  Although this pleading is not
plainly labelled as a notice of appeal, the first paragraph plainly states
Mullins’s intent to appeal: “Now Comes Plaintiff, Patrick Lee Mullins, and
Appeals the Trial Court’s Judgement [sic] entered in this case: January 22nd,
2008.”  See Warwick Towers Council of Co-Owners v. Park Warwick, L.P., 244 S.W.3d 838, 839 (Tex. 2008) (per curiam); In re Smith, 270
S.W.3d 783, 786-87 (Tex. App.—Waco 2008, orig. proceeding).

 





[3]
              The original
quotation is from Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793
(1941).  See Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting Callahan, 155 S.W.2d at 795).