

**Court Of Appeals**

**Fourth Court of Appeals District of Texas**
**San Antonio**

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-10-00049-CV

**IN RE ACE CREDIT SERVICES, LLC**

Original Mandamus Proceeding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Steven C. Hilbig, Justice

Delivered and Filed: April 14, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

ACE Credit Services, LLC seeks mandamus relief from the trial court's order granting a motion to compel the deposition of ACE's corporate representative on seventy-three matters. Because the trial court's order compels discovery that was not narrowly tailored to the relevant dispute, we conditionally grant the writ.

---

[1] This proceeding arises out of Cause No. 2009-CI-07821, styled *Roberto Ramirez v. Ace Credit Service, LLC, NCP Finance Limited Partnership, Legal Mediation Practice, Inc. and Doris Daniels*, pending in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Michael Peden presiding.

## BACKGROUND

In February of 2008, Humberto Escatiola, a non-party to the underlying lawsuit, obtained a loan from NCP Finance Limited Partnership through ACE, a credit service organization.[2] In an effort to collect payment on the loan, Legal Mediation Practice, Inc. through its employees or independent contractors, including Doris Daniels, mistakenly contacted Roberto Ramirez at his place of work. Although Ramirez informed the caller that he was not Escatiola and provided information to confirm his identity, the caller demanded instant payment and threatened criminal action against Ramirez if he failed to pay the loan in full. The caller stated that Ramirez would be arrested and handcuffed in front of his co-workers.

In May of 2009, Ramirez filed a lawsuit against NCP, ACE, Legal Mediation, and Daniels, asserting claims for violations of the Texas Debt Collection Practices Act, Texas Deceptive Trade Practices Act, and the Federal Fair Debt Collection Practices Act. Ramirez also asserted a claim for intentional infliction of emotional distress. In the last sentence in the prayer of the petition, Ramirez states, "Plaintiff prays for class certification and makes claims on behalf of the class of Texas citizens and residents similarly situated."

ACE answered and specially excepted to Ramirez's prayer for class certification. ACE asserted, "Plaintiff has failed to allege the necessary elements to maintain this action as a class action, thereby depriving ACE of the fair notice of claims against it."

---

[2] A credit service organization provides various services, including the obtaining of an extension of consumer credit for a consumer, in exchange for the payment of valuable consideration. TEX. FIN. CODE ANN. § 393.001(3) (Vernon 1998).

In June of 2009, Ramirez served ACE with a notice of intent to take the oral deposition of ACE's designated corporate representative. The notice listed seventy-three matters to be examined in the deposition and included a subpoena duces tecum for thirteen categories of documents. ACE filed a motion for protective order and motion to quash deposition, asserting the notice sought discovery that was overly broad and not relevant.

On August 5, 2009, the trial court conducted a hearing on ACE's special exceptions and motion to quash. At the conclusion of the hearing, the trial court suggested that discovery would need to be undertaken in steps, indicating that Ramirez was entitled to discovery "in regard to this loan." No written order was signed after the conclusion of the hearing.

In November of 2009, Ramirez served ACE with an amended notice of intent to take the oral deposition of ACE's designated corporate representative. The amended notice listed the same seventy-three matters to be examined and included a subpoena duces tecum for the same thirteen categories of documents.

On December 9, 2009, ACE filed special exceptions, asserting Ramirez had failed to define the class he sought to have certified. ACE requested the trial court to "strike any reference to any class proceedings from the Petition and decide all issues, including the scope and propriety of discovery requests, on the basis of this being a single plaintiff case concerning a single telephone call made by Legal Mediation to a wrong number."

On December 10, 2009, ACE filed a motion for protective order and motion to quash deposition. ACE asserted that Ramirez's request for class discovery was overly broad and not relevant until Ramirez amended his pleadings to properly plead the requirements of class

certification. ACE further asserted that counsel for Ramirez had filed a second petition on behalf of Escatiola also seeking class certification and that the discovery sought by Ramirez was likely more properly related to the class sought to be certified in the Escatiola action. ACE contended that the majority of the discovery sought by Ramirez was aimed at Escatiola's loan, not the single telephone call to Ramirez.

On January 5, 2010, the trial court conducted a hearing on ACE's special exceptions and motion to quash. At the conclusion of the hearing, the trial court signed an order compelling the deposition of ACE's designated corporate representative on the seventy-three matters designated in the amended notice. ACE filed its petition seeking mandamus relief on January 19, 2010, and this court granted ACE's request for temporary relief and stayed the deposition.

## ANALYSIS

Although discovery is useful in uncovering facts essential to an accurate adjudication of a claim, discovery can become "a weapon capable of imposing large and unjustifiable costs on one's adversary." *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999). A trial court has broad discretion in scheduling and defining the scope of discovery; however, a trial court can abuse its discretion by acting unreasonably. *Id*. An order compelling overly broad discovery or discovery outside the proper bounds is reviewable by mandamus. *Id*. at 176.

In an effort to curb discovery abuse, courts have articulated various principles as guides for resolving discovery disputes. *Id*. at 180. "First, discovery requests must be reasonably tailored to include only matters relevant to the case." *Id*. "Second, discovery may not be used as a fishing expedition or to impose unreasonable discovery expenses on the opposing party." *Id*. at 180-81.

In addition to these general principles regarding discovery, the courts have adopted specific principles regarding discovery in cases involving the potential for class certification. *In re SCI Tex. Fun. Servs., Inc.*, 236 S.W.3d 759, 760-61 (Tex. 2007); *In re Alford Chevrolet-Geo*, 997 S.W.2d at 181-82. "[C]ourts often limit discovery pending class determination." *In re Alford Chevrolet-Geo*, 997 S.W.2d at 181-82. "The amount and nature of discovery needed for class determination is case specific and depends on the claims and defenses being made." *Id*. at 182. "In some cases, the certification decision can be made primarily on the basis of pleadings, postponing and potentially eliminating the need for classwide discovery." *Id*. "In many cases, however, discovery is needed to establish commonality of issues, typicality of claims, or predominance of common questions of law or fact over individual questions." *Id*.

The Texas Supreme Court has rejected full class-wide discovery before certification. *In re SCI Tex. Fun. Servs., Inc.*, 236 S.W.3d at 760; *In re Alford Chevrolet-Geo*, 997 S.W.2d at 180-81. Instead, the proper rule in those circumstances is for trial courts "to limit pre-certification discovery to the particular issues governing certification in each case, considering factors such as the importance, benefit, burden, expense, and time needed to produce the proposed discovery." *In re SCI Tex. Fun. Servs., Inc.*, 236 S.W.3d at 760.

The trial court's order in this case does not comply with these guiding rules and principles and, therefore, constitutes an abuse of discretion. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (stating trial court abuses its discretion when it acts without reference to guiding rules and principles). One of the primary objections made by ACE is that Ramirez is seeking discovery relating to lending practices when Ramirez was never a consumer of ACE's lending

services. Another of ACE's objections related to the overly broad nature of the matters on which Ramirez sought to depose ACE's corporate representative. The concerns raised by these objections are readily understandable after examining just a few of the seventy-three matters on which Ramirez sought to depose ACE's corporate representative. These matters include:

10.  Your organization including shareholders, owners, percentage of ownership, elections of officers, elections of directors or control persons, governing rules, governing regulations, governing orders, resolutions, and disbursements of funds collected in the loan brokering, or loan, or Credit Service Organization portion of your business from January 1, 2004 to present.

20.  Accounting records showing all transfers of money, accounts, liabilities, and letters of credit from lender to ACE within the past 4 years.

29.  Instructions to your or any of the Defendants' computer programmers regarding your desires for the text and amounts reflected in any and all CSO Agreements that you used for the past 4 years.

30.  Instructions to your or any of the Defendants' computer programmers regarding your desires for the text and amounts reflected in any and all lender promissory notes that you used for the past 4 years.

38.  All recordings of any phone calls made to any Texas customer who was delinquent on their debts from January 1, 2004 to present.

41.  The identity and function of each person who worked on your computer program that gave instructions, received instructions or did programming for the computer program that generated any of the contracts and disclosure statements.

47.  The meaning of the disclosures in the Truth-in-Lending disclosures of exhibit 2 [Loan Agreement and Promissory Note].

59.  What information is needed from a customer to finalize exhibit 1 [Credit Service Agreement].

73.  The scope of the Texas CSO loans you made from January 1, 2004 to until March 30, 2008.

Several of these matters relate to services provided in connection with obtaining a loan. Because Ramirez never obtained a loan from ACE, this information is not relevant to his claim. *Cf. In re Graco Children's Products, Inc.*, 210 S.W.3d 598, 600-601 (Tex. 2006) (noting discovery in products liability case of products never used by plaintiffs was overly broad). Having compared the allegations in Ramirez's petition with the overly broad matters on which he sought to depose ACE's corporate representative, we hold the trial court abused its discretion by compelling discovery that was not narrowly tailored to the relevant dispute. *See In re SCI Tex. Fun. Servs., Inc.*, 236 S.W.3d at 761.

## CONCLUSION

We conditionally grant the writ of mandamus and direct the trial court to vacate its January 5, 2010 order. The writ will issue only upon certification that the trial court has failed to vacate its order within fourteen days from the date of this court's opinion and order.

Catherine Stone, Chief Justice