

# NUMBER 13-20-00255-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MAF INDUSTRIES, INC.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Hinojosa, Perkes, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

In this original proceeding, relator MAF Industries, Inc. (MAF) contends that the trial court abused its discretion by denying its motion for leave to designate Paramount Citrus Packing, LLC (Paramount LLC) as a responsible third party in a suit brought by real party in interest Roman Trevino. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. We conditionally grant relief.

### I.    BACKGROUND

Trevino sustained injuries on January 5, 2014, when his hand and arm were caught

in a bin washing machine while working as a laborer at a produce packing facility in Mission, Texas. On November 2, 2015, Trevino filed a Rule 202 petition for pre-suit depositions and an application for temporary restraining order against Paramount LLC alleging that "the equipment being utilized" by Trevino was owned by Paramount LLC. *See* TEX. R. CIV. P. 202. On January 5, 2016, Trevino sued the following parties alleging products liability and negligence claims: MAF; JBT Corporation, LLC; The Wonderful Company, Paramount Citrus Association (Paramount Association); Efrain D. Canales; and Labor Ready Central, Inc. Trevino identified but did not sue the owner of the premises, Wonderful Citrus II, LC.

Contrary to its Rule 202 petition, Trevino identified The Wonderful Company and Paramount Association as owners of the bin washing equipment. Trevino did not sue Paramount LLC. Trevino later amended his petition, naming only MAF as a defendant.

Trevino served MAF with his original petition and requests for disclosure on January 14, 2016, nine days following the expiration of the applicable limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. MAF's disclosure response was extended by agreement to March 18. MAF timely served its disclosure response stating that it knew of no potential parties or responsible third parties at the time.

On April 25, 2018, MAF served its first amended response to Trevino's request for disclosures, identifying Paramount LLC as a potential party and responsible third party. On the same day, MAF filed its motion for leave to designate Paramount LLC as a responsible third party. The trial court held a hearing on MAF's motion on July 10, 2018, but it did not rule at that time. On February 20, 2020, MAF filed its first amended motion

for leave to designate Paramount LLC as a responsible third party. Trevino filed an objection to the designation, arguing that MAF's motion was untimely pursuant to § 33.004 of the civil practice and remedies code because it was filed after the expiration of the limitations period. *See id*. § 33.004. The trial court held a hearing and denied MAF's motion on March 9.

On July 8, MAF filed the instant petition for writ of mandamus. MAF maintains that the trial court abused its discretion in denying leave to designate Paramount LLC as a responsible third party because: (1) MAF was under no obligation to disclose Paramount LLC before limitations expired; and (2) Trevino was aware that Paramount LLC owned the bin washing machine as evidenced by his Rule 202 petition and therefore, Trevino cannot claim surprise or prejudice by the timing of MAF's disclosure. This Court requested and received a response to the petition for writ of mandamus from Trevino. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Trial in this case is currently set for November 9, 2020.

## II.  STANDARD FOR MANDAMUS REVIEW

To obtain relief by writ of mandamus, a relator must establish that an underlying order is a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Under this standard of review, we defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An abuse of

discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. The Texas Supreme Court has held that mandamus may be appropriate to review an order denying a defendant's motion to designate a responsible third party. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 783–84 (Tex. 2020) (orig. proceeding) (per curiam); *In re Dawson*, 550 S.W.3d 625, 627 (Tex. 2018) (orig. proceeding) (per curiam); *In re Coppola*, 535 S.W.3d 506, 507–09 (Tex. 2017) (orig. proceeding) (per curiam). This is because allowing a case to proceed to trial despite the erroneous denial of a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of the relator's defense in ways unlikely to be

4

apparent in the appellate record. *In re Coppola*, 535 S.W.3d at 509. Accordingly, the relator ordinarily need only establish that the trial court abused its discretion in denying a timely filed motion to designate a responsible third party to demonstrate entitlement to mandamus relief. *Id.* at 510; *see In re Dawson*, 550 S.W.3d at 630.

### III. DISCUSSION

### A. Laches

We first address Trevino's contention that MAF's petition for mandamus relief should be denied because of MAF's delay in seeking relief. Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam). One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). To invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting its rights and also the moving party's good faith and detrimental change in position because of the opposing party's delay. *In re Laibe*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex. 1989); *see In re Mabray*, 355 S.W.3d 16, 22 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) (explaining that delay alone is insufficient to invoke laches; injury or prejudice must also be established). Whether mandamus is barred by delay is a question of fact that we determine by considering all the circumstances in each case. *In re Mabray*, 355 S.W.3d at 22–23.

5

The Texas Supreme Court has held that a two-month delay in seeking mandamus relief is not necessarily unreasonable, *In re Laibe*, 307 S.W.3d at 318; *see Strickland v. Lake*, 357 S.W.2d 383, 384 (Tex. 1962) (orig. proceeding), but that a four-month delay will be unreasonable absent adequate justification. *See Rivera*, 858 S.W.2d at 366 (unexplained delay of more than four months); *see also Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months). When based on adequate justification, even a six-month delay will not invoke laches. *In re Int'l Profit Assocs.*, 274 S.W.3d at 676; *see In re SCI Tex. Funeral Servs., Inc.*, 236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding) (per curiam) (holding that a delay of slightly less than six months did not constitute laches because the time was required to obtain records of numerous discovery hearings and brief issues for court).

Here, MAF waited just under four months after the trial court's ruling to file its petition for writ of mandamus. As justification for its delay, MAF relies on the Texas Supreme Court's April 1, 2020 Eighth Emergency Order Regarding the COVID-19 State of Disaster, which provides that requests for relief from deadlines for appellate proceedings "should be generously granted." *Eighth Emergency Order Regarding COVID-19 State of Disaster*, 597 S.W.3d 844 (Tex. 2020). MAF further argues that it took a "reasonable amount of time . . . to analyze new, controlling authority and research additional cases relying upon same for use in preparing this Petition." Specifically, MAF notes that four days following the trial court's order, the Texas Supreme Court issued its opinion in *In re Mobile Mini,* 596 S.W.3d 781, which addresses the application of

6

§ 33.004(d) in instances where a defendant's disclosure deadline falls outside of the applicable limitation's period. MAF also relies on *In re Bertrand*, 602 S.W.3d 691 (Tex. App.—Fort Worth 2020, orig. proceeding), which was decided on April 16 of this year.

While we do not believe that a party should be allowed to wait indefinitely for the development of favorable authority before pursuing mandamus relief, we recognize that *In re Mobile Mini* is a seminal case concerning the issues raised in this mandamus proceeding and that it was decided only four days after the trial court's ruling. Approximately one month later, the Fort Worth Court of Appeals applied *In re Mobile Mini* to a similar set of facts as presented in this case. *See In re Bertrand*, 602 S.W.3d 691. In light of this intervening authority and based upon the record before us, we conclude that MAF's almost four-month delay was not unreasonable as a matter of law. *See In re Laibe*, 307 S.W.3d at 318. We further note that Trevino makes no argument regarding his good faith and detrimental change in position because of MAF's delay, which Trevino must establish as the party asserting laches. *See id*. We therefore reject Trevino's contention that equitable considerations bar our consideration of this petition for writ of mandamus. We now turn to the merits of this original proceeding.

## B. Timely Disclosure

### 1. Applicable Law

The Texas proportionate responsibility statute provides a framework for apportioning percentages of responsibility in the calculation of damages for any cause of action based on tort in which more than one person or entity, including the plaintiff, is alleged to have caused or contributed to causing the harm for which the recovery of

7

damages is sought. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002(a)(1), 33.003; *see also In re Manon*, No. 04-18-00311-CV, 2018 WL 2943562, at *2 (Tex. App.—San Antonio June 13, 2018, orig. proceeding) (mem. op.). In accordance with this framework, the Texas Civil Practice and Remedies Code permits defendants to designate responsible third parties, which it defines as persons who are "alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought," whether by (1) negligent act or omission, (2) any defective or unreasonably dangerous product, (3) other conduct or activity that violates an applicable legal standard, or (4) any combination of these. TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6); *see also id.* § 33.004(a); *Galbraith Eng'g Consultants, Inc., v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009).

A defendant may designate a person as a responsible third party by filing a motion for leave to designate with the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). The motion "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.*; *In re Bustamante*, 510 S.W.3d 732, 735 (Tex. App.—San Antonio 2016, orig. proceeding). A defendant may not designate a person as a responsible third party after the applicable limitations period has expired with respect to that person "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). The trial court "shall" grant leave to designate the named person as a responsible third party unless another party files an objection on or before the fifteenth day after service of the motion and the objecting party establishes that "the defendant did

8

not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." *Id*. § 33.004(f), (g)(1).

Rule 194 of the Texas Rules of Civil Procedure governs disclosure of potential responsible third parties. TEX. R. CIV. P. 194. Rule 194.2(l) provides that a party may request disclosure of the name, address, and telephone number of any person who may be designated as a responsible third party. *Id*. R. 194.2(l). When, as here, requests for disclosure are served with the citation and petition, the defendant "need not respond" until fifty days after the service of the request. *Id*. R. 194.3. Nothing in § 33.004(d) imposes on a defendant an obligation to respond earlier than required by the Texas Rules of Civil Procedure. *In re Mobile Mini*, 596 S.W.3d at 786–87.

### 2. Analysis

MAF argues that the trial court abused its discretion in denying its motion for leave to designate Paramount LLC as a responsible third party based on the erroneous conclusion that its disclosure of Paramount LLC was untimely. MAF maintains that it was under no obligation to disclose Paramount LLC within the limitations period because its disclosure responses were not due until after limitations expired. MAF further contends that Trevino was aware that Paramount LLC owned or operated the equipment causing his injuries prior to filing suit as indicated by his Rule 202 petition for pre-suit depositions. As such, MAF maintains that Trevino cannot claim surprise or prejudice from the timing of its disclosure of Paramount LLC as a potential responsible third party.

In *In re Mobile Mini*, the defendant disclosed a potential third party when its disclosure responses were due but after the expiration of the limitations period. 596

9

S.W.3d at 784. The Supreme Court concluded that the disclosure was timely under

§ 33.004:

> The crux of the dispute here is whether Mobile Mini's discovery response disclosing Nolana as a potentially responsible third party was "timely" even though served after the statute of limitations had expired on Covarrubias's tort claims.
>
> Covarrubias argues the disclosure of Nolana as a responsible third party was not timely for section 33.004(d) purposes, even though Mobile Mini served its discovery responses within the time required by the Texas Rules of Civil Procedure, because Mobile Mini could have made the disclosure earlier than the due date. We reject this argument as contrary to the statute's plain language. Mobile Mini's disclosure was timely because under the Texas Rules of Civil Procedure, it was not obligated to disclose potentially responsible third parties until its discovery responses were due.

*Id*. The court further explained:

> Mobile Mini's failure to disclose Nolana's identity before limitations expired was the natural consequence of Covarrubias's decision to wait to file suit until limitations were nearing terminus. *See Dawson*, 550 S.W.3d at 629; *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (construing section 33.004(d) as providing "'procedural safeguard[s]' that prevent a defendant from undercutting 'the plaintiff's case by belatedly pointing its finger at a time-barred responsible third party against whom the plaintiff has no possibility of recovery'" (alteration in original) (quoting *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014))); *see also Spencer v. BMW of N. Am., LLC*, No. 5:14-CV-869-DAE, 2015 WL 1529773, at *2 n.4 (W.D. Tex. Apr. 2, 2015) ("If the purpose of the timeliness requirement is to afford the plaintiff an opportunity to name the responsible third party as a defendant in the suit, Plaintiff eliminated such a possibility by filing her case so close to the expiration of the statute of limitations."). Plaintiffs who wait until days before limitations expire to file suit do so at their peril. *See In re Bustamante*, 510 S.W.3d 732, 736–37 (Tex. App.—San Antonio 2016, orig. proceeding) (reversing denial of motion to designate when suit was filed one day before the statute of limitations expired); *In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 291–92 (Tex. App.—Fort Worth 2018, orig. proceeding) (three days before limitations expired); *Spencer*, 2015 WL 1529773, at *2 n.4 (eight days before limitations expired).

*Id*. at 785–86.

Similarly, in *In re Bertrand*, the plaintiffs filed suit shortly before limitations expired against potential responsible third parties. 602 S.W.3d at 704. As a result, the defendants' disclosure responses were not due until after the expiration of the limitations period. *Id*. The court observed that "it was the plaintiffs' conduct in the timing of their suit filing and service of discovery which failed to create a duty to disclose potential responsible third parties by the defendants before limitations expired." *Id*. With respect to the defendants' failure to initially disclose the potential responsible third parties in their initial disclosure responses, the court observed that:

> the objective of the statute, i.e., disclosure before the expiration of plaintiffs' limitations against the responsible third parties, was not required, and prohibiting designation of responsible third parties due to delay in disclosure after the expirations of limitations would produce an absurd result by imposing a mandatory sanction on movants when plaintiffs delayed filing and service of requests for disclosure in such a manner as to defeat the objective of the statute.

*Id*. The court construed § 33.004(d) as imposing the following obligations:

> (1) where a defendant seeks to designate a responsible third party after the plaintiffs' limitations against the responsible third party has expired,

> (2) if the defendant had a duty to disclose under Rule 194.2(l) prior to the expiration of plaintiffs' limitations against the responsible third party and failed to do so at least in part before limitations ran, then

> (3) the defendant may be precluded from designating that person as a responsible third party; but

> (4) a defendant's discovery conduct occurring *solely* after the expiration of the plaintiffs' limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d).

*Id*. at 705–06 (emphasis in original). We are persuaded by *In re Bertrand,* finding it to be a faithful application of the principles announced by the Texas Supreme Court in *In re*

11

*Mobile Mini*.

Here, MAF properly filed its first amended motion for leave to designate Paramount LLC as a responsible third party "before the 60th day before the trial date[.]" *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Further, because MAF's duty to disclose responsible third parties did not arise until after the limitations period expired, the timing of its disclosure is immaterial to the issue of timeliness under § 33.004(d). *See In re Mobile Mini*, 596 S.W.3d at 785–86; *In re Bertrand*, 602 S.W.3d at 705–06. As such, the trial court's denial of MAF's motion was an improper application of the law, and, therefore, an abuse of discretion. *See In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B.*, 492 S.W.3d at 302.

### IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, concludes that MAF has met its burden to obtain relief. Therefore, we conditionally grant MAF's petition for writ of mandamus and direct the trial court to vacate its order denying its motion for leave to designate responsible third parties. The writ will issue only if the trial court fails to act in accordance with this opinion. *See* TEX. R. APP. P. 52.8(c).

LETICIA HINOJOSA
Justice

Delivered and filed the
19th day of October, 2020.

12