IN THE
TENTH COURT OF APPEALS


No. 10-08-00225-CV

**PATRICK LEE MULLINS,**

                                                                Appellant

 v.

**HECTOR ORTIZ, DARREL SUTTON,
ROBERT JENKINS, STEVEN RICH,
JOHN PORTER, AND T. RODDEY,**

                                                                Appellees

From the County Court at Law
Walker County, Texas
Trial Court No. 8898CV

## OPINION

Patrick Lee Mullins, a Texas inmate, filed an *in forma pauperis* lawsuit against several employees of the Texas Department of Criminal Justice ("TDCJ"). The trial court granted the TDCJ's motion to declare Mullins a vexatious litigant. On appeal, Mullins contends that: (1) the trial court improperly dismissed his lawsuit; (2) he may assert a claim under the Administrative Procedures Act; and (3) the trial court failed to send him a copy of the order finding him to be a vexatious litigant. We affirm.

# VEXATIOUS LITIGANT

In his first issue, Mullins contends that his lawsuit was improperly dismissed on a vexatious litigant finding because the trial court did not hold a hearing on the TDCJ's motion and because he established his ability to prevail on his claims.[1]

## Failure to Hold a Hearing

On receipt of a motion under Section 11.051, the court shall, after notice to all parties, conduct a hearing to determine whether to grant the motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.053(a) (Vernon 2002) (emphasis added). This requirement is not discretionary. *See id.*; *see also Wilemon v. Wilemon*, 930 S.W.2d 290, 295 (Tex. App.—Waco 1996, no pet.) (The term "shall" is mandatory language).

Although the record does not demonstrate that the trial court held a hearing pursuant to section 11.053, such a failure is subject to a harm analysis. *See Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740-41 (Tex. App.—Waco 2005, pet. denied). Error requires reversal if it probably caused the rendition of an improper judgment or probably prevented Mullins from properly presenting his case to the court of appeals. TEX. R. APP. P. 44.1(a); *Dueitt*, 180 S.W.3d at 741.

Mullins filed a lengthy response to the TDCJ's motion. The record does not indicate that he had any live testimony or other evidence that was not available to the trial court from the written pleadings at the time of its ruling. Thus, we cannot say that the failure to hold a hearing caused the rendition of an improper judgment. Nor

---

[1] Although Mullins's complaint about the lack of a hearing is made in the context of his third issue, we liberally construe issues raised in a *pro se* litigant's brief. *See In the Interest of Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied).

could the failure to hold a hearing prevent Mullins from presenting his case on appeal, as he presents the same arguments on appeal. The trial court's failure to hold a hearing on the TDCJ's motion to declare Mullins a vexatious litigant was harmless. *See* TEX. R. APP. P. 44.1(a); *see also Dueitt*, 180 S.W.3d at 741.

## Vexatious Litigant Finding

A plaintiff may be found to be vexatious if (1) there is no reasonable probability that he will prevail; and (2) in the preceding seven-year period, he has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (a) finally determined adversely to him; (b) pending at least two years without having been brought to trial or hearing; or (c) found to be frivolous or groundless. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A)-(C) (Vernon 2002). A trial court's vexatious litigant finding is reviewed for abuse of discretion. *See Pandozy v. Beaty*, 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.).

## Retaliation Claim

Mullins alleges that Sergeant Darrel Sutton denied him access to a disciplinary hearing for destruction of state property and Captain Hector Ortiz found him guilty of such conduct in retaliation for being named in one of Mullins's prior lawsuits.[2]

---

[2]    Mullins presents several issues that were not raised in his Step 1 and Step 2 grievances: (1) retaliation before and after the events giving rise to his lawsuit; *i.e.*, deprivation of food, property, etc., destruction of his property, and unauthorized shakedowns; (2) the counsel substitute's failure to contact him or obtain his written statement and falsification of documents; (3) disciplinary cases filed against him; and (4) lack of notice of the hearing or that the hearing would be conducted *in absentia*. He has not exhausted administrative remedies as to these issues, and we will not address them. *See Wilson v. TDCJ-ID*, 268 S.W.3d 756, 759 n.1 (Tex. App.—Waco 2008, no pet.); *see also Wolf v. Tex. Dep't of Crim. Justice*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied); *Riddle v. TDCJ-ID*, No. 13-05-00054-CV, 2006 Tex. App. Lexis 1167, at *7 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied) (mem. op.).

An inmate claiming retaliation must allege facts or a chronology of events showing that the defendant acted in retaliation against him for exercising a specific constitutional right. *See Johns v. Johnson*, No. 10-03-00388-CV, 2005 Tex. App. LEXIS 1500, at *7 (Tex. App.—Waco Feb. 23, 2005, no pet.) (mem. op.). The claimant's personal belief that he is a victim of retaliation is insufficient. *See Brewer v. Simental*, 268 S.W.3d 763, 771 (Tex. App.—Waco 2008, no pet.).

Mullins has not alleged facts or a chronology of events showing that Sutton acted in retaliation against him for exercising a specific constitutional right. The record indicates that Sutton approached Mullins with the intent to escort him to the hearing. He instructed Mullins to shave. *See* TEX. DEP'T OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK 10 (Nov. 2004) ("Male offenders must be clean-shaven."); *see also* TEX. DEP'T OF CRIMINAL JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 28 (Jan. 2005) (refusal to comply with grooming standards violates TDCJ offender rules). Mullins argues that no TDCJ policy requires inmates to be clean-shaven before attending a disciplinary hearing. However, "[o]ffenders charged with *rule violations* shall be present at their disciplinary hearings *unless their behavior immediately before or during the hearing justifies their exclusion…*" DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 12 (emphasis added). Destroying state property is a rule violation. *See id*. at 27; *see also* OFFENDER ORIENTATION HANDBOOK 22. Only after Mullins refused to shave did Sutton refuse to escort him to the hearing.[3]

---

[3] Mullins also complains that Sutton lacked authority to exclude him from the hearing. Mullins's desire to attend the hearing was noted on the disciplinary report. He waived attendance by virtue of his refusal to comply with TDCJ grooming standards. His waiver was noted on the report and appears to

Moreover, the disciplinary report alleged that Mullins removed his shower bench from the wall and used the bench to strike the cell door. Although Mullins denies damaging any property, he admits removing the shower bench, which was loose, and using the bench to strike his cell door. The bench had to be welded back to the wall. Mullins's inmate trust account was subject to seizure for damage to state property. *See* OFFENDER ORIENTATION HANDBOOK 50. Mullins has not alleged facts or a chronology of events showing that Ortiz found him guilty in retaliation against him for exercising a specific constitutional right. *See Johns*, 2005 Tex. App. LEXIS 1500, at *7.

Other than Mullins's personal belief that he was retaliated against, the record does not indicate that either Sutton or Ortiz acted with retaliatory intent. Mullins's affidavit of previous filings does not even indicate that Sutton and Ortiz were parties to any of his suits. But for Mullins's own conduct, he would have attended the hearing and the complained of incident would not have occurred.

**Administrative Procedures Act Claim**

In Mullins's first and second issues, he maintains that he is entitled to relief under the Administrative Procedures Act. *See* TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2008) ("A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter."). However, the Act "does not apply to a rule or internal procedure of the Texas Department of Criminal Justice or Texas Board

---

have been reviewed by Ortiz, the hearing officer, per TDCJ rules. *See* TEX. DEP'T OF CRIMINAL JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 9 (Jan. 2005).

of Criminal Justice that applies to an inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure." Tex. Gov't Code Ann. § 2001.226 (Vernon 2008); *Harrison v. Tex. Dep't of Crim. Justice*, 164 S.W.3d 871, 875-76 (Tex. App.—Corpus Christi 2005, no pet.).

**Due Process Claim**

Mullins alleged that his due process rights were violated when he was not allowed to attend the hearing. When assessing due process, we consider whether the individual "possess[es] a protected interest to which due process protection was applicable" and was "afforded an appropriate level of process." *Abdullah v. State*, 211 S.W.3d 938, 942 n.7 (Tex. App.—Texarkana 2007, no pet.) (citing *Copelin-Brown v. N. M. State Personnel Office*, 399 F.3d 1248, 1254 (10th Cir. 2005)).

Although Mullins has a property interest in his inmate trust account, he does not have an absolute due process right to attend a disciplinary hearing:

> If a prisoner is unable to or refuses to attend a disciplinary hearing, due process requires not more than that the hearing be held in accordance with all of the other requirements of due process that are called for under the circumstances. Due process requires only that the government operate under procedures that give a person a fair *opportunity* to ensure that the governmental decision affecting that person's life, liberty or property is just; it does not mean that the government, in an effort to make sure that everyone does what is in his or her best interest, must see to it that each person takes advantage of these opportunities.

*Moody v. Miller*, 864 F.2d 1178, 1181 (5th. Cir. 1989); *Covarrubias v. State Dep't of Crim. Justice*, 52 S.W.3d 318, 325-26 (Tex. App.—Corpus Christi 2001, no pet.).

Despite his absence at the hearing, Mullins was represented by a counsel substitute and a "not guilty" plea was entered on his behalf. *See* Disciplinary Rules

AND PROCEDURES FOR OFFENDERS 20. TDCJ's disciplinary procedures provide that, after the hearing, the inmate must receive a copy of the "written record of the hearing (Form I-47MA, Disciplinary Report and Hearing Record)." *Id*. at 14. This information includes the "penalty imposed." *Id*. at 15. Mullins was notified of the charges against him, the required hearing was conducted, and he was found liable for destruction of state property. He received the required Form I-47MA, which advised him of the specific punishment assessed against him. The proper procedures were followed and Mullins was "afforded an appropriate level of process." *Wilson v. TDCJ-ID*, 268 S.W.3d 756, 761 (Tex. App.—Waco 2008, no pet.) (quoting *Abdullah,* 211 S.W.3d at 942 n.7).

In summary, the record does not demonstrate a reasonable probability that Mullins would have prevailed on his claims.

**Lawsuits Filed in the Preceding Seven-Year Period**

Mullins has filed at least thirteen lawsuits since 1996. At least five suits were dismissed pursuant to Chapter 14 of the Civil Practice and Remedies Code, which governs frivolous filings by inmates. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014. (Vernon 2002). Thus, in the seven years preceding the current suit, Mullins has commenced, prosecuted, or maintained in propria persona at least five litigations that have either been determined adversely to him or determined to be frivolous or groundless. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A), (C).

Because both prongs of section 11.054 are met, the trial court did not abuse its discretion by finding Mullins to be vexatious. We overrule issues one and two.

**NOTICE OF VEXATIOUS LITIGANT ORDER**

In issue three, Mullins contends that the trial court violated his constitutional rights by failing to send him a copy of its order finding him to be a vexatious litigant.[4]

The trial court entered an order declaring Mullins a vexatious litigant, ordering him to provide security, and stating that the lawsuit would be dismissed should he fail to provide the security. The record does not indicate that this order was sent to Mullins. However, Mullins received actual notice of this order before he filed his amended notice of appeal on July 1, 2008. His lawsuit was not dismissed until May 4, 2009.[5] He has had approximately ten months' notice of the order. Any due process concerns are satisfied. *See Finlan v. Peavy*, 205 S.W.3d 647, 654 (Tex. App.—Waco 2006, no pet.) ("[D]ue process requires 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency…and afford them an opportunity to present their objections' in a reasonable time and manner."); *see also Dispensa v. Univ. State Bank*, 987 S.W.2d 923, 928 (Tex. App.—Houston [14th Dist.] 1999, no pet.). We overrule issue three.

Having overruled Mullins's three issues, we affirm the trial court's judgment.

---

[4]     Mullins also complains about the trial court's refusal to rule on his motion for a temporary restraining order and permanent injunction. Given our disposition of issues one and two, Mullins cannot establish the requirements for either temporary or permanent injunctive relief. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see also Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

[5]     We abated this appeal so that the trial court could sign a written order.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed July 29, 2009
[CV06]

\*      (Chief Justice Gray concurs only in the judgment and only to the extent it affirms the trial court's dismissal of Mullins's suit upon the determination that he is a vexatious litigant.  A separate opinion will not issue.)