IN THE
TENTH COURT OF APPEALS
No. 10-09-00357-CV


ROY JON,

                                                               Appellant

 v.

KENNETH GASTON, EILEEN KENNEDY,
CYNTHIA WOOD, KODY SCHUR, JOSEPH
DUDLEY, DEBBIE ROBERTS, JULIE PICKET,
KATHY HAWKINS, BRAD LIVINGSTON,
OLIVER BELL, AND UNIVERSITY OF TEXAS
MEDICAL BRANCH,

                                                               Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 24,717

## MEMORANDUM  OPINION

Roy Jon, an inmate, filed a lawsuit against various employees of the Texas prison system.  The Attorney General, representing most of the prison employees, filed a motion to declare Jon a vexatious litigant.  The motion was granted and Jon was ordered to pay security by a date certain or his suit would be dismissed.  Jon appealed,

and this Court abated the appeal so that the trial court could enter a final judgment. The trial court dismissed Jon's suit, and this Court reinstated the appeal. We affirm.

## VEXATIOUS LITIGANT

In his first issue, Jon argues that the criteria for establishing Jon as a vexatious litigant were not established. A plaintiff may be found to be vexatious if (1) there is no reasonable probability that he will prevail; and (2) in the preceding seven-year period, he has commenced, prosecuted, or personally maintained at least five litigations other than in a small claims court that have been (a) finally determined adversely to him; (b) pending at least two years without having been brought to trial or hearing; or (c) found to be frivolous or groundless. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1)(A)-(C) (Vernon 2002). A trial court's vexatious litigant finding is reviewed for abuse of discretion. *See Pandozy v. Beaty*, 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.).

As to the first criterion, there was no reasonable probability that Jon would have prevailed in the suit he filed. In his original petition, Jon sued various people associated with the prison system under the Texas Tort Claims Act and under § 1983. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001, et seq. (Vernon 2002 & Supp. 2009); 42 U.S.C. § 1983. He raised at least eight general claims in his petition. Jon filed an application to proceed "in forma pauperis" with his petition which brought his suit under Chapter 14, Inmate Litigation, of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. Ch 14 (Vernon 2002). Jon did not, however, file an affidavit as required stating the date any grievances were filed regarding these claims and a date a

written decision on any grievance was received by him and did not provide a copy of any written decisions from the grievance system.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (Vernon 2002).

There is no indication in Jon's petition that he filed any grievance regarding these claims he raises in his original petition.  *See* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004).  And, an inmate may not file a claim in state court until the inmate receives a written decision issued by the highest authority provided for in the grievance system.  *Id*. (d)(1).  Further, "[a] court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system."  *Id*. (b); *see Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.--Beaumont 2003, no pet.) (trial court does not abuse its discretion in dismissing a suit under section 14.005).  Jon's petition was subject to dismissal for failing to comply with section 14.005(a) of the Texas Civil Practice and Remedies Code and the trial court would not have abused its discretion in doing so.  Accordingly, there is no reasonable probability that he would prevail in his suit, and the first criterion for a vexatious litigant determination has been met.

As to the second criterion, it is abundantly clear from Jon's affidavit regarding previous filings that in the last seven years he has had at least five litigations that have been either finally determined adversely to him, pending at least two years without having been brought to trial or hearing, or found to be frivolous or groundless.  Thus, the second criterion has been met.

Because both criteria for a vexatious litigant finding have been established, the trial court did not abuse its discretion in finding Jon to be a vexatious litigant. Jon's first issue is overruled.

## HEARING

Jon next argues that the trial court erred in failing to hold a hearing pursuant to section 11.053. TEX. CIV. PRAC. & REM. CODE ANN. § 11.053(a) (Vernon 2002). On receipt of a motion to determine a plaintiff to be a vexatious litigant, the trial court shall, after notice to all parties, conduct a hearing to determine whether to grant the motion. *Id*. This requirement is not discretionary. *See id*.; *see also Mullins v. Ortiz*, No. 10-08-00225-CV, 2009 Tex. App. LEXIS 5846, *2 (Tex. App.—Waco July 29, 2009, no pet.) (mem. op.).

Although the record does not demonstrate that the trial court held a hearing pursuant to section 11.053, such a failure is subject to a harm analysis. *See Mullins*, 2009 Tex. App. LEXIS 5846, *2. Error requires reversal if it probably caused the rendition of an improper judgment or probably prevented Jon from properly presenting his case to the court of appeals. TEX. R. APP. P. 44.1(a); *Mullins*, 2009 Tex. App. LEXIS 5846, *2. The record does not indicate that Jon had any live testimony or other evidence that was not available to the trial court from the written pleadings at the time of its ruling. Thus, we cannot say that the failure to hold a hearing caused the rendition of an improper judgment. Further, the record does not indicate that the failure to hold a hearing prevented Jon from presenting his case on appeal, nor does Jon make such an argument. None of Jon's issues on appeal required the presentation of testimony. The trial court's failure to hold a hearing on the employees' motion to declare Jon a

vexatious litigant was harmless. *See* TEX. R. APP. P. 44.1(a). Jon's second issue is overruled.

### ORDER OF COST

In his fourth issue, Jon argues that the cost of filing and jury fee ordered by the trial court is unauthorized. Jon relies on the Texas Supreme Court's opinion in *Bonds v. Tex. Dep't of Crim. Justice*, 953 S.W.2d 233 (Tex. 1997). *Bonds* is distinguishable. Section 14.006 of the Civil Practice and Remedies Code provides in pertinent part:

> (a)  A court may order an inmate *who has filed a claim* to pay court fees, court costs, and other costs in accordance with this section and Section 14.007. The clerk of the court shall mail a copy of the court's order and a certified bill of costs to the department or jail, as appropriate.
>
> (b)  On the court's order, the inmate shall pay an amount equal to the lesser of:
>
>> (1)  20 percent of the preceding six months' deposits to the inmate's trust account; or
>>
>> (2)  the total amount of court fees and costs.
>
> (c)  In each month following the month in which payment is made under Subsection (b), the inmate shall pay an amount equal to the lesser of:
>
>> (1)  10 percent of that month's deposits to the trust account; or
>>
>> (2)  the total amount of court fees and costs that remain unpaid.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a)-(c) (Vernon 2002) (emphasis added).

In *Bonds*, the defendant failed to provide a copy of his inmate account statement as required by section 14.006(f). *See id*. (f). In dismissing the suit, the trial court simply taxed all court costs against the defendant without knowing whether twenty percent of

his inmate account was a lesser sum and without limiting the order in the manner required by section 14.006. *See Bonds*, 953 S.W.2d at 233. Here, Jon provided a copy of his inmate account statement which showed a balance of zero. However, the trial court did not simply tax all court costs against Jon. Rather, the trial court strictly followed the percentages mandated by section 14.006. Thus, no error is shown. *See Walker v. O'Guin*, No. 10-05-00368-CV, 2007 Tex. App. LEXIS 168 (Tex. App.—Waco Jan. 10, 2007, no pet.) (mem. op.). Jon's fourth issue is overruled.

## IMPROPERLY BRIEFED ISSUES

In his third issue, Jon contends that the security fee ordered by the trial court in its order finding Jon to be a vexatious litigant to be unwarranted. Because Jon provides no citations to the record or to any legal authority for this argument, this issue is improperly briefed and is waived. TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Jon's third issue is overruled.

In his fifth issue, Jon contends the cost of the clerk's record charged by the district clerk is unwarranted. Because Jon provides no citations to any legal authority for this argument, this issue is improperly briefed and is waived. TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). Jon's fifth issue is overruled.

## EXPENSES

In his sixth issue, Jon argues that the trial court's "sanctions" are unwarranted. Jon complains about a specific sentence in the order determining him to be a vexatious litigant: "Should the case be dismissed upon its merits, Plaintiff shall pay Defendants'

reasonable expenses incurred in or in connection with this litigation, including costs and attorney's fees." Jon cites an opinion from the Dallas Court of Appeals for the proposition that the trial court cannot base sanctions on the legal merits of a pleading or motion. *See Monroe v. Grider*, 884 S.W.2d 811, 817 (Tex. App.—Dallas 1994, writ denied). Here, the trial court was not sanctioning Jon. The trial court was merely warning Jon that should the suit be dismissed on the merits, he would have to pay the employees' expenses. This can occur when a party loses at the trial court. *See* TEX. R. CIV. P. 131. Further, the suit was not dismissed on the merits; therefore, this particular event has not occurred. Jon's sixth issue is overruled.

Having overruled each of Jon's issues on appeal, we affirm the judgment of the trial court.

We note that Jon filed a motion to "Proceed In Forma Pauperis" on appeal. We grant the motion and allow Jon to proceed without advance payment of cost. *See* TEX. R. APP. P. 20.1. However, allowing a party to proceed without the advance payment of cost does not relieve the party against whom cost are assessed from the obligation to pay those cost.

PER CURIAM

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
(Chief Justice Gray concurs with a note)*
Affirmed
Opinion delivered and filed September 15, 2010
[CV06]

*(Chief Justice Gray would have dismissed this proceeding for want of jurisdiction. The majority, however, rendered a void abatement order. It was void because we had no jurisdiction and could not validly take any action other than to dismiss the proceeding. *See Jon v. Gaston*, No. 10-09-00357-CV (Tex. App.—Waco, Nov. 25, 2009, abatement order) (per curiam) (Gray, C.J., dissenting). Notwithstanding the invalidity of that order, the parties and the trial court acted upon it and took those actions necessary to give the Court jurisdiction, specifically the trial court rendered a final judgment dismissing Jon's suit. Our prior error, thus having been overtaken and corrected by subsequent events, does not now deprive us of jurisdiction and we may proceed to a discussion on the merits. With these comments, I concur only in the judgment and only to the extent it affirms the trial court's judgment of dismissal and assesses cost against Jon.)