

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00044-CV

RAYFORD F. PERRY                                                APPELLANT

V.

STEVEN SWIFT, BRAD                                             APPELLEES
LIVINGSTON, JESSI KEITH, AND
GOLDIE JACQUES

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 181,533-C

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rayford F. Perry—an inmate who is confined in the Texas Department of Criminal Justice, Institutional Division—appeals pro se from the dismissal of his lawsuit for failure to post a $5,000 security deposit ordered by the trial court after Perry was declared a vexatious litigant. The sole issue we decide

---

[1]See Tex. R. App. P. 47.4.

is whether the trial court's failure to conduct a hearing before declaring Perry a vexatious litigant probably caused the rendition of an improper judgment or probably prevented Perry from properly presenting his case to this court. Because we hold that the trial court's failure to hold a hearing was harmless, we will affirm.

Perry filed a pro se suit against Appellees Steven Swift, Brad Livingston, Jessi Keith, and Goldie Jacques, all of whom were employees of the Department. The Attorney General filed an amicus curiae advisory requesting an order declaring Perry a vexatious litigant and requiring him to furnish security. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (West 2002). The Attorney General alleged that no reasonable probability existed that Perry would prevail in his litigation against Appellees and that in the preceding seven-year period, Perry had commenced, prosecuted, or maintained in courts other than small claims court at least five litigations as a pro se litigant that had been determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. *See id.* § 11.054 (West Supp. 2015). The Attorney General attached to its request court documents showing at least five lawsuits that Perry had maintained in the past seven years that had been determined to be frivolous.

The trial court, after considering the Attorney General's request, found that Perry was a vexatious litigant pursuant to section 11.054 of the Texas Civil Practice and Remedies Code and ordered him to furnish security in the amount of $5,000 by October 8, 2015, to proceed in the case. On November 5, 2015, the

2

trial court signed a final judgment, which stated, "Because Plaintiff has been determined to be a vexatious litigant and has failed to furnish the required security by the date previously ordered, his case is hereby DISMISSED as to all claims and Defendants." Perry timely perfected this appeal.[2]

In his third issue,[3] Perry argues that the trial court abused its discretion by failing to hold a hearing under Texas Civil Practice and Remedies Code section 11.053 to determine whether Perry was a vexatious litigant. The vexatious litigant statute provides, "On receipt of a motion under Section 11.051, the court shall, after notice to all parties, conduct a hearing to determine whether to grant the motion." Tex. Civ. Prac. & Rem. Code Ann. § 11.053(a) (West 2002). This

---

[2]Appellees assert that Perry failed to timely perfect this appeal because his "Motion to Alter Or Amend The Judgment," which was filed eighteen days after the judgment was signed, did not extend the appellate timetable. Because Perry's motion seeks a new trial, however, it acted to trigger the extended ninety-day deadline for filing his notice of appeal, and thus, his notice of appeal was timely filed. See Tex. R. App. P. 26.1(a)(1); Tex. Dep't of Criminal Justice v. Simons, 140 S.W.3d 338, 349 (Tex. 2004) (directing courts to look to the substance of the motion rather than the title). We therefore have jurisdiction over this appeal.

[3]Perry's brief recites three issues under the heading "Issues Presented." Issue one complains that his motion for leave to submit an application to proceed in forma pauperis was overruled by operation of law. Issue two complains that his motion to alter or amend the judgment was overruled by operation of law. The only issue, however, on which Perry presents argument is his third issue complaining that the trial court failed to hold a hearing before declaring him a vexatious litigant. We therefore overrule Perry's first and second issues as inadequately briefed. See Tex. R. App. P. 38.1(i); ERI Consulting Eng'rs, Inc. v. Swinnea, 318 S.W.3d 867, 880 (Tex. 2010) (recognizing that "[t]he Texas Rules of Appellate Procedure require adequate briefing."); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex. 1994) (observing that appellate court has discretion to deem issues waived due to inadequate briefing).

3

requirement is not discretionary. *See id.*; *Mullins v. Ortiz*, 440 S.W.3d 48, 51 (Tex. App.—Waco 2009, no pet.). But the failure to hold a hearing pursuant to section 11.053 is subject to a harm analysis. *See Mullins*, 440 S.W.3d at 51. Error requires reversal if it probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting his case to this court. *See* Tex. R. App. P. 44.1(a); *Mullins*, 440 S.W.3d at 51.

The trial court here did not conduct a hearing prior to declaring Perry to be a vexatious litigant; accordingly, the trial court erred. We therefore conduct a harm analysis of the trial court's error in failing to conduct a hearing. *See* Tex. R. App. P. 44.1(a); *Mullins*, 440 S.W.3d at 51.

Perry filed numerous responses to the Attorney General's request. The record does not indicate that he had any live testimony or other evidence that was not available to the trial court from the written pleadings at the time of its ruling, and in his brief, Perry does not point to any evidence or testimony that he was denied the opportunity to present to the trial court. Thus, we cannot say that the failure to hold a hearing caused the rendition of an improper judgment. *See, e.g.*, *In re Douglas*, 333 S.W.3d 273, 287 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (holding error in failing to hold a hearing before declaring litigant vexatious harmless because litigant failed to explain in trial or appellate court what evidence he would have presented at hearing). Likewise, the trial court's failure to hold a hearing before declaring Perry a vexatious litigant did not prevent

4

Perry from presenting his case on appeal,[4] and Perry sets forth no explanation of any complaints he was purportedly prevented from presenting. Accordingly, the trial court's error in failing to hold a hearing before declaring Perry a vexatious litigant was harmless. *See* Tex. R. App. P. 44.1(a); *Douglas*, 333 S.W.3d at 287 (holding error in failure to hold hearing before declaring litigant vexatious harmless); *Mullins*, 440 S.W.3d at 51 (same); *see also Jon v. Gaston*, No. 10-09-00357-CV, 2010 WL 3584391, at *2 (Tex. App.—Waco Sept. 15, 2010, pet. denied) (mem. op.) (same). Accordingly, we overrule Perry's third issue.

Having held that the trial court's failure to hold a section 11.053 hearing was harmless, we affirm the trial court's judgment.[5]

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED: June 9, 2016

---

[4]Perry's first and second issues were presented, just not adequately briefed, and his third issue simply complains of no hearing.

[5]On April 4, 2016, this court received the following documents from Perry: "Order To Show Cause For A Preliminary Injunction," "Memorandum of Law," and "Affidavit And Citizen's Petition." All relief requested in these documents is denied.